# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JOHNNY CONNER NICHOLS, | : | |
| Plaintiff | : | |
| VS. | : | |
| DR. BURNSIDE, *et al.*, | : | NO. 5:11-CV-116 (MTT) |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **JOHNNY CONNER NICHOLS**, an inmate at Hays State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as will be directed later in this order and recommendation. The Clerk of Court is directed to send a copy of this order to the business manager of Hays State Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2)

"seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims,

then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff alleges that he received constitutionally inadequate medical care for a back problem while he was confined at the Georgia Diagnostic and Classification Prison ("GD&CP") from March 2010 to March 2011. Plaintiff names as defendants Dr. Burnside, GD&CP Warden Steve Upton, and Director of Utilization Management Mr. Abreu.

Prior to his incarceration at GD&CP, plaintiff suffered an unspecified back injury that caused "excruciating" and "debilitating" pain and resulted in plaintiff "not to be able to use [his] right arm." Dr. Burnside allegedly missed appointments with plaintiff and periodically refused to refill plaintiff's pain medication prescription. An MRI was ordered on plaintiff's back, but Burnside allegedly informed plaintiff that "Utilization Management" cancelled it due to plaintiff's transfer to the Special Management Unit. Plaintiff wrote Abreu letters on April 20 and May 6, 2010. Plaintiff ultimately received the MRI on June 28, 2010, but plaintiff alleges that it was performed on the wrong part of plaintiff's back. Plaintiff thereafter repeatedly asked Burnside to order a corrective MRI, but Burnside apparently refused. In December 2010, Dr. Burnside informed plaintiff that he would order a test to check for "nerve blockage," but as of the date of plaintiff's complaint, the test had not been performed.

In addition to claiming that Warden Upton is "responsible for the employment of Dr. Burnside," plaintiff complains that Upton denied plaintiff's grievance appeal and ignored plaintiff's letter asking him for medical help. He alleges that Upton is directly responsible for the care of inmates under his supervision.

As relief, plaintiff seeks both damages and injunctive relief. Plaintiff advised this Court on April 4, 2011, he was transferred from GD&CP to Hays State Prison (Tab # 6).

### III. DISCUSSION

In ***Estelle v. Gamble***, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." To show that a prison official acted with deliberate indifference, a plaintiff must demonstrate: "(1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." ***Mann v. Taser Int'l, Inc.*** 588 F.3d 1291, 1306-07 (11th Cir. 2009). "Deliberate indifference" has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. ***McElligott v. Foley***, 182 F.3d 1248, 1255 (11th Cir. 1999).

The Eleventh Circuit has held that "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs ...." ***Id.*** at 1255. The Circuit has further noted that, in determining whether a delay in treatment rises to the level of deliberate indifference, a court should consider: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for

the delay." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "The question of whether a delay in receiving treatment worsened an individual's condition overlaps with the causation inquiry." *McDaniels v. Lee*, 2010 WL 5158197 (11th Cir. Dec. 20, 2010) (citing *Goebert*, 510 F.3d at 1329).

A prisoner's mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law. *Id; see also Howell v. Evans*, 922 F.2d 712, 723 (11th Cir.), *vacated as moot*, 931 F.2d 711 (1991), *reinstated by unpublished order, sub. nom Howell v. Burden*, 12 F.3d 190, 191 n.* (1994).

### A. Director of Utilization Management Mr. Abreu

Plaintiff's allegations do not support a claim that Abreu was deliberately indifferent to plaintiff's serious medical needs. Although plaintiff's MRI was not immediately ordered, plaintiff indicates that he received an MRI within two months of first contacting Abreu. There is certainly no indication that Abreu was responsible in any way for the delay in plaintiff's medical treatment. Accordingly, it is **RECOMMENDED** that Abreu be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. Warden Steve Upton

Plaintiff's claims against Upton are similarly meritless. Upton cannot be sued simply because "he is responsible for the employment of Dr. Burnside." "[S]upervisory officials are not liable under § 1983 for unconstitutional acts of their subordinates on the basis of *respondeat*

5

*superior* or vicarious liability." ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted). A supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." ***Gross v. White***, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing ***Goebert v. Lee County***, 510 F.3d 1312, 1331 (11th Cir. 2007)).

The only allegation of Upton's involvement in the alleged denial of medical care to plaintiff is that Upton failed to take corrective action after being informed, via one grievance appeal and one letter, that plaintiff had been denied treatment for his lower back pain. Merely "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." ***Owens v. Leavins,*** 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006). Moreover, as a non-medical defendant, Upton was not in a position to second-guess the decision of medical personnel as to the necessity of treatment for plaintiff's back injury. Plaintiff makes no allegation that Upton attempted to prevent plaintiff from receiving proper medical care, that Upton interfered with treatment in any way, or that a policy or practice of Upton's was a moving force behind the alleged deprivation of proper medical attention to plaintiff.

In light of the foregoing, it is **RECOMMENDED** that Warden Upton be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN**

**FOURTEEN (14) DAYS** after being served with a copy hereof.

### C. Injunctive Relief

Plaintiff's claim for injunctive relief was mooted by his recent transfer to Hays State Prison. ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986). A transfer or a release of a prisoner from prison will generally moot that prisoner's claims for injunctive and declaratory relief. ***McKinnon v Talladega Cnty, Ala.***, 745 F.2d 1360, 1363 (11th Cir. 1984). Injunctive relief is "a prospective remedy, intended to prevent future injuries," ***Adler v. Duval Cnty***, 112 F.3d 1475, 1477 (11th Cir. 1997), and, "as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." ***Smith v. Allen***, 502 F.3d 1255, 1266 (11th Cir. 2007) (citing ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir.1985)). Accordingly, it is **RECOMMENDED** that plaintiff's injunctive relief claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### D. Dr. Burnside

At this early stage in the proceedings, the seriousness of plaintiff's medical condition is unclear. There is no basis for determining whether Burnside's inaction invited avoidable complications, or whether Burnside's inaction was so egregious as to constitute deliberate indifference. Although the potential merits of plaintiff's claim against Dr. Burnside are thus unclear, construing the complaint liberally in favor of plaintiff, the complaint against Dr. Burnside shall be allowed to go forward. Accordingly, it is hereby **ORDERED** that service be made on Dr. Burnside.

In light of the foregoing, it is hereby **ORDERED** that service be made on defendant Dr. Burnside, and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery

is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to

plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 21st day of April, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge