IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNNY CONNER NICHOLS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-116 (MTT) |
| DR. EDWARD HALE BURNSIDE, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle. (Doc. 27). The Plaintiff, Johnny Nichols, alleges deliberate indifference to his medical needs against the Defendant, Dr. Edward Burnside, in both his individual and official capacities. (Doc. 1). Burnside has moved to dismiss Nichols' claims, asserting abuse of process, failure to state a claim, and qualified immunity arguments. (Doc. 16). The Magistrate Judge has reviewed Burnside's Motion to Dismiss and recommends denial of the motion in regard to claims against Burnside in his individual capacity and dismissal of the claims against him in his official capacity. Both parties have objected to the Recommendation. (Docs. 30, 33). Burnside has specifically objected to the Magistrate Judge's treatment of his failure to state a claim and qualified immunity arguments.[1] (Doc. 30).

---

[1] Burnside appears to have abandoned his abuse of process argument, noting that it relied on a false – but inadvertent – allegation of Nichols' involvement in a prior court case.

In regard to the argument that Nichols failed to state a claim, Burnside suggests that Nichols does not meet the deliberate indifference standard because Nichols merely disagrees with the level and type of medical care he received.  However, as the Magistrate Judge rightly points out, "Plaintiff alleges more than a mere difference in medical opinion.  Plaintiff's allegations, if proven, could demonstrate an unconstitutional delay in the provision of medical care and attention during his confinement." (Doc. 27).

It is true that Nichols eventually must show he had a serious medical need, Burnside's deliberate indifference to that need, and that Burnside's indifference caused his injury.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).  What's more, he will have to show that Burnside's alleged indifference amounted to something more than accidental inadequacy, negligence, or medical malpractice.  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).  However, "'deliberate indifference may be established by…a decision to take an easier but less efficacious course of treatment.... Moreover, [w]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.'" *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

At this stage of the litigation, without the benefit of discovery or even an Answer from Burnside, it is not yet possible to assess the exact nature of Nichols' medical need or the reason for which his medical care was delayed.  Specifically, it is not clear why, taking Nichols' allegations as true, Burnside limited Nichols' access to an MRI and deprived him of pain medication for nearly three months between July and October

2010.  Nichols has alleged that he suffered from a debilitating back injury, that Burnside was aware of this injury, and that Burnside deprived him of means to adequately relieve this injury by not prescribing an appropriate treatment.  This is sufficient to survive Burnside's Motion to Dismiss.  Similarly, with respect to Burnside's qualified immunity argument, Nichols has alleged a claim that, if later proven, could amount to deliberate indifference to his medical needs.  As the Magistrate Judge notes, clearly established federal law provides that deliberate indifference to a prisoner's medical care violates the Eighth Amendment.  (Doc. 27).  Consequently, Burnside would not be entitled to qualified immunity at this time.

Having considered both parties' objections, and following a de novo review of the portions of the Recommendation objected to, the Recommendation is adopted and made the order of this Court. Burnside's Motion to Dismiss for abuse of process is **DENIED**.  Burnside's Motion to Dismiss Nichols' Eighth Amendment deliberate indifference claims is **DENIED**.  Nichols' claims against Burnside in his official capacity are **DISMISSED**.  Nichols' request for reasonable attorney's fees is **DENIED**.

**SO ORDERED**, this 4th day of September, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

.